UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

PETER COLLINS, JR.

    Plaintiff,

v.

GOLD COAST BEVERAGE, LLC
and NICHOLAS PROCCE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, PETER COLLINS, JR. ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, GOLD COAST BEVERAGE, LLC, a Florida limited liability company and NICHOLAS PROCCE, an individual, collectively ("Defendants"), by filing this Complaint for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "Act" or "FLSA"), declaration of rights and other relief, and states:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours and labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *See Barrentine* v. *Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made, in event of delay, in order to insure restoration of the worker to that minimum standard of well-being. *See Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08 (1945).

### I.   NATURE OF THE CASE

1. This action is brought pursuant to the FLSA for unpaid overtime wage compensation, liquidated damages, a declaration of rights and breach of contract.

### II.   JURISDICTION AND VENUE

2. This is an action by Plaintiff against Defendants involving events that occurred in Miami-Dade County, Florida.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in Miami-Dade County, Florida; because all wages were earned and due to be paid in Miami-Dade County, Florida; because Defendants' business is situated in Miami-Dade County, Florida; and because most, if not all, of the operational decisions were made in Miami-Dade County, Florida.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

5. The Court has supplemental jurisdiction over Plaintiff's breach of contract claim.

### III.   PARTIES

6. Plaintiff is a resident of Miami-Dade County, Florida, and is *sui juris*.

7. Defendant, GOLD COAST BEVERAGE, LLC (hereinafter "GOLD COAST") is a Florida limited liability company that owns and operates its business located in Miami-Dade County, Florida.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

8.     Defendant, NICHOLAS PROCCE (hereinafter "PROCCE") is a resident of Miami-Dade County, Florida, and is *sui juris*.

### IV.    COVERAGE

9.     During all material times, GOLD COAST was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10.    PROCCE is an individual, *sui juris* and a manager of GOLD COAST.  PROCCE acted directly and indirectly in the interest of GOLD COAST.  PROCCE managed GOLD COAST and had the power to direct employees' actions.  PROCCE had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at GOLD COAST in accordance with the FLSA, making PROCCE an employer pursuant to 29 U.S.C. § 203(d).

11.    During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

12.    During all material times, Defendants had two or more employees who moved goods in interstate commerce.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

13. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## **GENERAL ALLEGATIONS**

14. Plaintiff was employed by Defendants from approximately November 19, 2015 to April 1, 2016 (the "Relevant Time Period").

15. During that time, Plaintiff's position was a special events manager.

16. Plaintiff's agreed upon wages for a forty (40) hour workweek were $20.00 per hour.

17. However, Plaintiff was routinely asked to perform more work than could possibly be completed during his regular forty (40) hour workweek.

18. As a result, Plaintiff routinely worked an average of approximately seventy (70) hours per workweek.

19. Defendants failed to pay Plaintiff regular and overtime wages for almost all of the hours that Plaintiff worked for Defendants in excess of forty hours in a workweek.

20. Also during the Relevant Time Period, Defendants requested Plaintiff to use his personal vehicle while performing his duties for Defendants and had agreed to pay Plaintiff $360.00 per month plus $0.40 per mile for same.

21. Defendant failed and refused to pay Plaintiff $360.00 per month plus $0.40 per mile for using his personal vehicle while performing his duties.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

22. Defendants knew or showed reckless disregard for whether their conduct was prohibited by statute, and Defendants willfully failed to pay Plaintiff his regular rate of pay and overtime pay, thereby denying Plaintiff the applicable minimum wage under the FLSA.

23. Plaintiff is a non-exempt employee of Defendants under the FLSA.

24. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurring costs and reasonable attorney's fees.

25. Plaintiff has engaged the undersigned counsel and is obligated to pay a reasonable fee for his services.

26. All conditions precedent to commencing and maintaining this action have been performed, excused or waived.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

27. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 26 as though set forth fully herein and further alleges:

28. Defendants willfully and intentionally withheld wages due to Plaintiff for the hours he worked in excess of forty hours in a workweek which Defendants suffered or permitted him to work.

29. Defendants willfully and intentionally failed to pay Plaintiff any straight time wages or overtime wages for each hour worked in excess of forty hours in a week during the Relevant Time Period.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

30. Defendants therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week during the Relevant Time Period which equals one and one-half times his regular wage of $20.00 per hour, namely, $30.00 per hour.

31. As a direct and proximate result of Defendants' failure to pay Plaintiff any straight time wages or overtime wages for the overtime hours worked by Plaintiff, Plaintiff has been damaged for one or more weeks of work with Defendants.

**WHEREFORE,** Plaintiff demands the entry of judgment in his favor and against Defendants as follows:

a) Award Plaintiff payment of all overtime hours at the full overtime wage due him for the hours Defendants suffered or permitted him to work which have not been properly compensated;

b) Award Plaintiff liquidated damages equal to the payment of all overtime hours at the full overtime wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## DECLARATION OF RIGHTS

32. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 31 as though set forth fully herein, and further allege as follows:

33. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

34. Defendants did not rely on a good faith defense under the FLSA in failing to pay Plaintiff his regular and overtime wages for the hours that he worked during the Relevant Time Period.

35. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue as Plaintiff may seek employment with Defendants in the future.

36. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff and Defendants now and in the future.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants as follows:

   a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;
   b) Enjoin Defendants from further violations of the FLSA;
   c) Award Plaintiff costs; and
   d) Award such other and further relief as this Court may deem just and proper.

## COUNT III - BREACH OF CONTRACT

37. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 26 and further alleges:

38. Plaintiff and Defendants entered into a valid contract whereby Defendants requested Plaintiff to use his personal vehicle while performing his duties for Defendants and agreed to pay Plaintiff $360.00 per month plus $0.40 per mile for same.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

39. Plaintiff did in fact use his personal vehicle while performing his duties for Defendants during the Relevant Time Period, and provided Defendants with records of same.

40. Defendants have failed and refused to provide Plaintiff with those records.

41. Defendants failed and refused to pay Plaintiff $360.00 per month plus $0.40 per mile for each mile driven by Plaintiff in his personal vehicle while performing his duties for Defendants during the Relevant Time Period, and thereby breached the contract.

42. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants as follows:

   a) Award Plaintiff his actual and compensatory damages for breach of contract;

   b) Award Plaintiff prejudgment interest;

   c) Award Plaintiff costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 21, 2016

/s/ Sundeep K. Mullick
Sundeep K. Mullick
Fla. Bar No.: 18175
sunny@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tele:   305.358.6800
Fax:    305.358.6808
*Attorneys for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808