# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between (a) PETER COLLINS, JR., individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Collins") and (b) GOLD COAST BEVERAGE, LLC together with its predecessors, successors, parent and affiliate entities (including, but not limited to, Reyes Holdings, LLC and all Reyes and Gold Coast entities), subsidiaries, partners, shareholders, current and past employees, servants, insurers, agents, legal representatives and any other entity or individual with whom Collins may have been jointly employed (hereafter referred to as "The Company") and NICHOLAS PROCCE, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Procce") (The Company and Procce are hereafter collectively referred to as "Gold Coast").

**1.    Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** claims that Collins may have against Gold Coast including, but not limited to, any claims for relief that were made or could have been made by Collins in the matter of *Peter Collins, Jr. v. Gold Coast Beverage, LLC and Nicholas Procce*, in the United States District Court, Southern District of Florida, Case No. 1:16-cv-24051-MGC (the "Lawsuit") or in the arbitration that was compelled but not yet filed with JAMS. It is a further and equal purpose of this Agreement to resolve **any and all** disputes, controversies, or claims, that Collins may have against Gold Coast, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

**2.    Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Collins has not relied on any representation, compromise, conduct or action made by or on behalf of Gold Coast or Gold Coast's attorneys. Collins acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Collins and Gold Coast confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

**3.    No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Gold Coast expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given to Collins under this Agreement consists of payment to Collins by Gold Coast of Ten Thousand Five Hundred Dollars and Zero Cents ($10,500.00) to be distributed as follows:

    (a) Three Thousand Two Hundred and Fifty Dollars and Zero Cents ($3,250.00), minus all applicable withholdings, payable to Peter Collins, Jr.;

    (b) Three Thousand Two Hundred and Fifty Dollars and Zero Cents ($3,250.00), payable to Peter Collins, Jr.;

    (c) Four Thousand Dollars and Zero Cents ($4,000.00), payable to the Law Offices of Lowell J. Kuvin, which represents payment of Collins's attorneys' fees and costs (Federal Taxpayer Number 26-2743494).

The above-referenced payments shall be delivered to Sundeep Mullick, Esq. within ten (10) days of the date this Agreement becomes final, is approved by the Court, an Order of Dismissal With Prejudice in the Lawsuit is entered by the Court, and W-9s are provided to Gold Coast's counsel for Collins and the Law Offices of Lowell J. Kuvin. The consideration given by Collins to Gold Coast in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5. **Mutual Releases:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Collins hereby knowingly and voluntarily releases and discharges Gold Coast from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Collins has or might have as a result of, including those in any way connected with his employment or separation of employment with Gold Coast, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Genetic Information Nondiscrimination Act, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, the Florida Minimum Wage Act, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination,

SETTLEMENT AGREEMENT AND RELEASE
PAGE 2

                                                                                                                            _PC_
                                                                                                                       Collins's Initials

Nov 09 16 03:33p    Peter Collins                            3524195411            p.4

defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which Collins has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement. In addition, Gold Coast hereby knowingly and voluntarily releases and discharges Collins, from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Gold Coast has or might have as of the date of this Agreement.

6. **Approval of Settlement and Dismissal of Lawsuit With Prejudice:** Concurrently with the execution of this Agreement, Collins shall file all necessary documents to achieve approval of the settlement and dismissal with prejudice of the Lawsuit, including signing a Joint Motion to Lift Stay, Approve Settlement and for Stipulation of Voluntary Dismissal with Prejudice. Collins shall thereafter, as quickly as practicable, obtain prejudicial dismissal of all claims against Gold Coast, with the parties bearing their respective costs and expenses, including attorney's fees. Collins agrees not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type be filed that are connected in any fashion to the employment of Collins with Gold Coast or Collins's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement.

7. **Withdrawal of Any Claims/Charges:** Collins agrees that (A) any claims he has or might have pertaining to Gold Coast's employment practices arising under any municipal, state, or federal law are completely settled; and (B) he will withdraw any pending complaints, charges, claims, or causes of action that may have been filed against Gold Coast with any municipal, state, or federal government agency or court. Nothing in this Agreement is intended to, or shall, interfere with Collins's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Collins shall not, however, be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against Gold Coast, regardless of who filed or initiated any such complaint, charge, or proceeding.

8. **No Re-Employment:** Collins expressly waives and disclaims any right to reinstatement or reemployment with Gold Coast, and agrees never to seek employment with Gold Coast at any time in the future. Collins agrees and acknowledges that his signature on this Agreement is grounds for immediate rejection of any application for employment submitted by him.

9. **Acknowledgment of Receipt of All Payment Owed:** Collins agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which he was and/or is entitled as a result of his employment with Gold Coast.

Nov 09 16 03:33p        Peter Collins                                    3524195411                        p.3

**10.     Attorneys' Fees:** In the event of a dispute regarding this Agreement, the prevailing party shall be entitled to recover its attorneys' fees, expert witness fees, and costs of court.

**11.     Confidentiality:** Collins agrees not to communicate the terms, conditions, or contents of this Agreement to any person or entity in any manner, whether directly or indirectly, without express written consent from Gold Coast authorizing the particular disclosure requested, except that he may communicate the terms of this Agreement to his financial advisors, and legal counsel, all of whom shall be advised by him before such disclosure that the terms of the Agreement shall not be disclosed by them to any person, unless required by law. This provision shall not, however, prohibit Collins from disclosing the terms and conditions of this Agreement (a) if required to do so by court order, provided that any court-ordered disclosure shall only be made to the extent ordered, and only after notice has been given in writing by Collins to Gold Coast in order to allow Gold Coast reasonable and sufficient time to obtain an appropriate protective order preventing or restricting such disclosure; (b) as may be necessary to accomplish the filing of income tax returns or to fulfill any other legal obligations to the Internal Revenue Service or other federal or state taxing authorities; or (c) as may be necessary to enforce the terms of this Agreement. Collins, however, may disclose that his claims against Gold Coast have been resolved by agreement of the parties. Collins further agrees not to testify for, appear on behalf of, or otherwise assist in any way any individual, company, or agency in any claim against Gold Coast unless pursuant to a lawful subpoena issued to him. If such a subpoena is issued, Collins must immediately notify Gold Coast (through its attorney of record in this case, Steven Siegel) and provide Gold Coast with a copy of the subpoena. Gold Coast agrees to keep this Agreement confidential except as it determines necessary for business reasons.

**12.     Non-Disparagement and Neutral Reference:** Collins agrees that he will not in any way disparage, defame, libel, slander, place in a negative light, or in any other way harm or attempt to harm the reputation, goodwill or commercial interest of Gold Coast to any persons, including but not limited to current or former customers and employees, or members of the media. Gold Coast agrees to provide Collins with a neutral job reference, including only dates of employment and positions held. Any reference request must be directed to Gold Coast's Human Resources department. Gold Coast further agrees to instruct Procce not to disparage or otherwise make any negative statements about Collins.

**13.     No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

**14.     Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

15. **Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

16. **Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

17. **Ownership of Claims:** Collins represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

18. **Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

DATE: November 9, 2016        Signature: _____
                                         Peter Collins, Jr.

DATE: November 16, 2016       Signature: _____
                                         Nicholas Procce

DATE: November 14, 2016       Signature: _____
                                         Frank Schwier on behalf of Gold
                                         Coast Beverage, LLC

STATE OF FLORIDA )
                           )
COUNTY OF __Citrus__ )

    Before me, the undersigned NOTARY public, on this date personally appeared **Peter Collins, Jr.**, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he has executed the same for the purposes and consideration herein expressed.

    SUBSCRIBED AND SWORN TO BEFORE ME this __9__ day of November, 2016.

_Paul_
Notary Public in and for
the State of Florida

Signer identified by:

☐ Personal Knowledge; or

☑ Production of Identification



__FL Driver License__
Type of Identification Produced

My Commission Expires: 10/26/2019